**Petition for Naturalization of Pelagio Relente FLORES.**

United States District Court
S. D. New York.
Dec. 20, 1956.

---

William J. Kenville, New York City, Naturalization Examiner.

Pelagio Relente Flores, Pro se.

BRYAN, District Judge.

This is a petition for naturalization by an alien who presently resides in this country. The question presented is whether petitioner is eligible for naturalization under either Section 325(a) of the Nationality Act of 1940, 54 Stat. 1150 as amended by Section 26 of the Internal Security Act of 1950, 64 Stat. 1015, or Section 330(a) (2) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1441(a) (2). Both these alternatives provide for naturalization, under conditions specified in the statutes, of an alien who served for an aggregate period of at least five years on American vessels.

It is not disputed that petitioner served honorably for at least an aggregate of five years on American vessels as these statutes require. The problem arises because the petitioner was never lawfully admitted to this country for permanent residence.

Under Section 325(a) of the Nationality Act of 1940 such an alien seaman as the petitioner was eligible for naturalization without establishing lawful admission into this country for permanent residence provided his petition was filed while he was still serving as a seaman, or within six months after separation therefrom. On September 22, 1950, Section 26 of the Internal Security Act was enacted amending Section 325(a) of the Nationality Act of 1940 so as to require that such an alien seaman must have been previously lawfully admitted for permanent residence before he could be eligible for naturalization. The amending statute, however, provided that those aliens who had filed petitions under Section 325(a) prior to the amendment could be naturalized upon compliance with the applicable provisions of the naturalization laws in effect upon the date the petition was filed.

This petition was filed on December 27, 1950, more than three months after the amendment of Section 325(a), which required proof of previous lawful entry for permanent residence. Since it was not filed prior to the date of the amendment it did not come within the exception there provided, and it is clear that in the absence of a subsequent change in the statute petitioner would be required to prove previous lawful entry for permanent residence.

On June 27, 1952, Congress adopted Section 330(a) (2) of the Immigration and Nationality Act of 1952, which reads as follows:

"For the purposes of this subsection, any periods of time prior to September 23, 1950, during all of which any person has served honorably * * * for an aggregate period of five years on any [American] vessel * * * prior to * * * September 23, 1950, shall be deemed residence and physical presence within the United States * * *, if such petition is filed within one year from the effective date of this chapter, [December 24, 1952]. * * * A person entitled to claim the exemptions contained in this paragraph shall not be required to establish a lawful admission for permanent residence."

Petitioner did not file a second petition for naturalization within the one year subsequent to December 24, 1952, the effective date of this section. The

Immigration and Naturalization Service has recommended the denial of this petition upon the theory that an alien, seeking naturalization as a seaman by reason of five years service on American vessels, is required to show a lawful admission for permanent residence unless the petition was filed between December 24, 1952 and December 24, 1953.

This construction of Section 330(a)(2) is overly narrow and overlooks the purpose of Congress in enacting it. Congress adopted this provision permitting naturalization without a showing of lawful entry for permanent residence as a "special equitable provision for * * * alien crewmen". H.R. No. 1365, 82d Cong. 2d Sess., 1952, 2 U.S.Code Congressional Service 1739.

It appears plain that Congress desired to give relief to alien seamen who, though fulfilling the five-year service requirement, had not filed a petition for naturalization prior to September 22, 1950, when Congress amended the law so as to require that such seamen prove lawful entry for permanent residence. Congress also set a deadline of one year from the effective date of the statute beyond which such relief could not be obtained by requiring that petitions be filed within one year from its effective date. But this is no indication that Congress intended to limit this relief only to persons filing a petition *during* the one-year period from the effective date of the statute to the termination of the deadline, and to bar from consideration petitions filed prior to that period. Such a construction would seem to defeat the very purpose for which the statute was enacted.

There is nothing in this requirement which precludes the consideration of a petition filed prior to the effective date of the statute, and which is then pending and undetermined. The petition in the case at bar had been filed before the effective date of the statute and was pending and undetermined during the one-year period of grace.

Petitioner fulfilled the requirements of this section as I construe it. He filed his petition on December 27, 1950, long before the deadline set by Congress and that petition was pending during the one-year period of extension provided in the statute. The Immigration Service was fully and properly advised of petitioner's desire to be naturalized long prior to the deadline. The petitioner is not ineligible for naturalization merely because he did not file a duplicate petition during the year following the enactment of Section 330(a)(2).

The petition is granted.